UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT LOUIS RUBIO,

    Plaintiff,

    v.

KATHLEEN ALLISON, et al.,

    Defendants.

Case No. 21-cv-00921-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff, who is currently housed at San Quentin State Prison ("SQSP") filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") in a separate order.

Venue is proper because most of the events giving rise to Plaintiff's claims are alleged to have occurred at SQSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

The Court now reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court DISMISSES the complaint with leave to amend to correct certain deficiencies addressed below, and directs Plaintiff to provide sufficient information regarding the exhaustion of administrative remedies as to each claim.

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can

1   show that the defendant proximately caused the deprivation of a federally protected right.  *See*
2   *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121,
3   1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of
4   section 1983 if he does an affirmative act, participates in another's affirmative act or omits to
5   perform an act which he is legally required to do, that causes the deprivation of which the plaintiff
6   complains.  *Leer*, 844 F.2d at 633; *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).  To
7   state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the
8   interests that have been invaded.  *See Paul v. Davis*, 424 U.S. 693, 697 (1976).

9   Although a plaintiff is not required to plead "specific factual details not ascertainable in
10  advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not
11  state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions,
12  *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976); *Fisher v. Flynn*, 598 F.2d
13  663, 665 (1st Cir. 1979).  A complaint must contain sufficient allegations to put defendants fairly
14  on notice of the claims against them.  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  A
15  complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights
16  fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a).  *Hutchinson v.*
17  *United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

18  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
19  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the
20  statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon
21  which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in
22  order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
23  obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and
24  conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .
25  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell*
26  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted).  A complaint must
27  proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The United
28  States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal

United States District Court
Northern District of California

conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B.  Legal Claims

#### 1.  Constitutional Violations Based on Confinement at SQSP Relating to COVID-19 Issues

As mentioned above, pursuant to Fed. R. Civ. P. 8(a)(2), Plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *see also Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Plaintiff's complaint in the instant action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint." *Id.* at 1179-80.

Plaintiff names as Defendants California Department of Corrections and Rehabilitation ("CDCR") Director Kathleen Allison "and others," including these other seventeen named Defendants: CDCR Secretary Ralph Diaz; CDCR Associate Director Ron Davis; Federal Receiver Clark Kelso; Governor Gavin Newsom; CDCR Director of California Correctional Health Care Services ("CCHCS") Dr. Joseph Bick; and various prison officials at California Institute for Men ("CIM")[1] and SQSP. Dkt. 1 at 5-8.

Plaintiff makes numerous allegations against the eighteen named Defendants regarding SQSP's handling of the COVID-19 pandemic in 2020 and certain other prison conditions.[2] *See*

---

[1] Plaintiff incorrectly refers to CIM as Chino State Prison or "CSP." Dkt. 1 at 11.

[2] Plaintiff's complaint is virtually identical to many other complaints received by the

3

*generally* Dkt. 1. Plaintiff states that in March 2020, the CDCR refused free COVID-19 tests for its staff and inmate population. *Id.* at 9. A fellow inmate, Kenneth A. Cooper, wrote to Defendants Broomfield (SQSP Warden) and Pachynski (SQSP Chief Medical Officer) and asked why masks were not being worn at SQSP. *Id.* Plaintiff states that inmate Cooper also asked Defendants Arnold (SQSP Captain), Teixeira and Haub (SQSP Lieutenants) and Dutton (SQSP Sergeant) why there was little social distancing when inmates gathered for medication to be dispensed, showers, and meal times. *Id.* at 9-10. Plaintiff states that several large fans were brought in to increase ventilation, but he "questioned custody personnel" whether these fans could have caused further spread of the virus. *Id.* at 10. Plaintiff states that other prisoners like inmate Cooper raised these issues; however, Plaintiff does not discuss the actions that individual defendants took or how the actions were deliberately indifferent. *See id.* at 9-11. While Plaintiff has presented serious allegations, he must provide more information regarding the culpability of the named Defendants. Bare allegations—that a certain Defendant had been asked about any of the aforementioned COVID-19 issues without including any additional information—are insufficient.

Plaintiff describes how on May 30, 2020, 121 inmates from CIM were transferred to SQSP, without proper COVID-19 testing and an outbreak occurred at SQSP. *Id.* at 11. Plaintiff states he began to suffer serious COVID-19 symptoms on July 5, 2020. *Id.* at 12. While these allegations are sufficient to state a claim, Plaintiff must provide more information how each of the eighteen Defendants he names as responsible were involved. Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient to state a claim. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). For example, Plaintiff states that "[u]ndoubtedly" Defendant Bick (Director of CDCR's CCHCS) "obviously failed to develop and properly implement adequate training and transfer protocols that protect the prison population." *Id.* at 11. Plaintiff adds that "[s]urely" Defendant Davis (CDCR's Associate

---

Court. *See, e.g., Amos v. Allison*, Case No. 20-cv-8152 HSG (PR); *Robeldo v. Allison*, Case No. 20-9134-WHO (PR); *Hall v. Allison*, Case No. 21-cv-0103-RMI (PR); *Quale v. Allison*, Case No. 21-cv-0708-RMI (PR); and *Ham v. Allison*, Case No. 21-cv-0909 YGR (PR).

4

Director of Reception Centers) as well as Defendants Kelso, Allison, Newsom, and Diaz (CDCR Secretary), SQSP Defendants Pachynski and Broomfield, and CIM Defendants Escobell and Borders, were aware of the transfer of CIM inmates to SQSP and "failed to take prudent action" and that Defendant Kelso "should have been right on top of this." *Id.* at 11-12. Plaintiff must present more information as to how each named Defendant, including the supervisory defendants, was directly involved in the constitutional deprivation and how the action (or inaction) constituted deliberate indifference. He must present additional allegations to state a plausible claim for relief for each Defendant. There is no respondeat superior liability under section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Said differently, it is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 556 U.S. at 679.

### 2. Federal Pleading Standards Under Rule 18(a) and Rule 20

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Further, parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

5

General allegations are not sufficient to constitute similarity when the specifics are different. *Id.* The Court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately. Fed. R. Civ. P. 21.

Here, the Court has determined above that Plaintiff's complaint contains insufficient information with respect to the claims above relating to the COVID-19 issues. At this time, the Court is also unable to determine whether Plaintiff's aforementioned claims are related to the other claims in his complaint. For example, Plaintiff also states that from March 17, 2020, to November 1, 2020, medical and dental care stopped at SQSP. Dkt. 1 at 13. However, Plaintiff fails to describe what medical or dental care he required that could not be addressed and how the denial of such care violated the Eighth Amendment. Plaintiff also claims there was no independent hot-water hose bib provided to clean the shower area, despite numerous requests. *Id.* at 10. In addition, Plaintiff claims that Defendant Boise (SQSP Lieutenant) removed all toilets from the yard for a "roughly one-year" period that ended on August 1, 2020, requiring inmates to defecate in trash cans or urinate in the gutter, when not in their cells. *Id.* at 10-11. Plaintiff further alleges how he has been denied outdoor exercise for many months. *Id.* at 12. If Plaintiff wishes to pursue these claims in this case, he must provide more information and describe how they relate to his other COVID-19 claims and why they do not belong in a separate action.

In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Plaintiff **must choose** what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his amended complaint, they will be dismissed.

In sum, the Court will allow Plaintiff leave to prepare a proper amended complaint that is consistent with federal pleading standards. As explained above, Plaintiff must correct the deficiencies outlined as to each of his claims above. Plaintiff is also advised that for each claim, he must, to the best of his ability, specifically identify each Defendant, and specify what constitutional right he believes each Defendant has violated. Importantly, Plaintiff must allege facts regarding the conduct of each Defendant that he asserts gives rise to that Defendant's

liability. A person deprives another of a constitutional right within the meaning of 42 U.S.C. §1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

### 3. Exhaustion of Administrative Remedies

A question which must be answered before Plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.* at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. *See Porter*, 534 U.S. at 525.

A prisoner's failure to exhaust is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003). Accordingly, a claim may be dismissed without prejudice if the record shows that the

7

prisoner has conceded that he did not exhaust administrative remedies. *Id.*

Here, some of the claims raised in Plaintiff's complaint do not appear to have been exhausted through the administrative grievance procedure at SQSP. Plaintiff simply claims that he "lodged a (602) administrative grievance form correlative with the COVID-19 debacle," and "log # S[Q] HC 20000860" was "Denied on 11/24/20." Dkt. 1 at 5 (brackets added). Plaintiff does not specifically address exhaustion of the grievance procedure at SQSP as to each claim, and instead he claims, in a conclusory fashion that his grievance addressed the "COVID-19 debacle." *Id.* Therefore, the Court is unable to determine if Plaintiff satisfied the administrative remedies exhaustion requirement on *each* of the claims he alleges, prior to filing his suit.

Accordingly, because some of Plaintiff's claims may not be exhausted, his complaint is DISMISSED with leave to amend in order to prove that he exhausted *all* of his claims against each Defendant before he filed this action. If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** amended complaint which:

   a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

       i. Set forth **each claim** in a separate numbered paragraph;

       ii. Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

       iii. Identify the injury resulting **from each claim**;

   b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each Defendant** *before* he filed this action as required by 42 U.S.C. § 1997e(a), or whether such remedies were "unavailable" to him within the meaning of the statute;

   c. Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, the amended complaint may only allege claims that:

     i. Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

     ii. Present questions of law or fact common to **all Defendants**;

   d. **Does not** make conclusory allegations linking each Defendant by listing them as having direct involvement to his claims without specifying how each Defendant was linked through their actions; and

   e. **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability.

  2. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. 21-cv-0921-YGR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Plaintiff's failure to file his amended complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

  3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes

while an action is pending must file a notice of change of address promptly, specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

4. The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

IT IS SO ORDERED.

Dated: 7/26/2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge